FRANK WORKMAN *et al.*

*v.*

THE CITY OF CHICAGO,

and

HENRY POTWIN

*v.*

THE CITY OF CHICAGO.

1. ASSESSMENT FOR IMPROVEMENTS—*when void.* The levy of a tax by assessment for improving streets, under an ordinance, is a statutory proceeding, and the terms of the law authorizing it must be strictly followed, or the whole is void.

2. SECOND ASSESSMENT—*void, if growing out of a void proceeding.* A second assessment, ordered to make up a deficiency in the sum first levied, must conform to the statute, which prescribes that the original mode shall be followed; but if the first be void, so will the second.

3. PROCEEDINGS DE NOVO. The original error can not be cured by repetition, but new proceedings must be had.

4. CITY ORDINANCE—*when void.* A report of the board of public works, of the estimated cost of a proposed improvement, being a prerequisite to the passage of an ordinance, an opinion of the board of the justice of a former void assessment, will not sustain a new ordinance.

5. So, when an ordinance imposes duties upon the board of public works, and entrusts to the discretion of the board matters left by law to the common council, such ordinance is void.

6. The points in these cases are substantially the same and governed by the same principles as decided in *Foss* v. *City of Chicago,* 56 Ill. 354; *Union Building Association* v. *City of Chicago, ante,* p. 439, and other similar cases.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. EDWARD ROBY, for the appellant.

Mr. M. F. TULEY, for the appellee.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

These two cases arise out of the same proceedings, present the same questions, and will, therefore, be determined as one case.

Application was made at the March term, 1871, of the Superior Court, by the city collector, for judgment upon a special assessment warrant, to make up the amount which the city failed to collect on an original assessment for curbing with curb walls, grading, and paving with wooden blocks, West Lake street, from the east line of the roadway of Reuben street to the east line of the roadway of Western Avenue, in the city of Chicago.

It appears from the record, and is not controverted by the corporation counsel, that the original assessment was illegal and void, and it was not a case where all the steps were regular and valid down to the completion of the assessment roll for confirmation, but the ordinance and all anterior and subsequent proceedings were illegal and void. The report and recommendation of the board of public works, which was the first step in the proceeding, and ordinance accompanying it, both contained the clauses which vested the board with a discretion, held, in *Foss* v. *City of Chicago*, 56 Ill. 354, to be illegal, and to render both void.

In the case of *Union Building Association* v. *City of Chicago*, *ante*, p. 439, we had occasion to consider most of the questions involved in this case, though that case was dissimilar in some of its aspects. We there held that, where the original proceedings were illegal and void, they were to be so regarded as to all parties not estopped by their acts from questioning their validity; that, although void, there might still be a new assessment under the 36th section of chap. 7 (Gary's Laws, 75), but such new assessment must be a *de novo* proceeding, and made, as near as may be, in the same manner as is prescribed

for making the first or original assessments under the amendatory acts of 1865 and 1867.

We were reduced to the alternative of holding that the new assessment must be so made, or of denying the right altogether, and this conclusion, it was considered, is not inconsistent with the judgment in the case of *City of Chicago* v. *Ward*, 36 Ill. 9, because, in that case, the court expressly held to the same doctrine. "It will be observed," said the court, "that this section requires this second assessment to be made, as near as may be, in the manner prescribed for the first assessment." But the question, as to how that was to be, was not, and could not have been, involved in that case, as it was decided in 1864, before the amendatory acts referred to were either of them passed.

In making the new assessment, in this case, both the board of public works and the council treated the original proceedings as valid, not only as to the city, but in respect to non-paying property owners who were not estopped, by their acts, from questioning their validity.

In their report to the council for the new assessment, the board of public works state the matter thus:

"The commissioners of the board of public works respectfully represent to your honorable body that, at the March term held by the Superior Court of Chicago, in the year 1870, in the city of Chicago, application was made to said court, by the said city, for judgment against various lots and parcels of land for the amounts of assessments and costs respectively due thereon by virtue of the special assessment warrant issued for the curbing with curb walls, grading and paving with wooden blocks, West Lake street, from the east line of the roadway of Reuben street to the east line of the roadway of Western Avenue, and that the city of Chicago failed to obtain judgment for, and failed to collect a portion of, said special assessment, amounting to $56,166.76.

30—61ST ILL.

"As required by the revised charter, the commissioners of the board of public works ask that a new assessment be ordered to be levied to make up said deficiency.

"The board of public works, in their report, recommending to your honorable body that said improvement be made, estimated its total cost at $119,129.02, and of this amount it was ordered by the common council that the assessment referred to above (as that on which judgment was applied for), be levied for the sum of $102,953.12, and that the public benefits resulting to the city of Chicago from said improvement, and amounting to the sum of $16,175.09, be paid out of the general fund.

"It is the opinion of the board of public works that, of the above total estimate of expense, the amount of said assessment would be properly chargeable to real estate specially benefited by the said improvement, and that the sum ordered to be paid therefor from the general fund, was a fair and proper proportion of its total cost to be paid otherwise than by an assessment on property specially benefited thereby, as determined by the consideration of the special benefits accruing to real estate specially benefited by said improvement, and the general benefits resulting therefrom to the city of Chicago; and that, accordingly, said deficiency may be properly wholly chargeable to the delinquent property of the real estate specially benefited by said improvement."

This report, it will be perceived, contains no recommendation of the making of the improvement or statement of the expense thereof, except as the commissioners say, that, in their report (that is, their former original report,) recommending that said improvement be made, they estimated its total cost at $119,129.02.

The former proceedings were void *in limine.* The very report referred to as recommending the improvement originally, contained the provision for vesting the board with the illegal

discretion which was held in the Foss case to vitiate, and was accompanied with the vitiated ordinance.

The commissioners were acting without jurisdiction. Their supposed estimate of the expense of the improvement and statement of it in such void proceedings, are of no more validity than if made by three justices of the peace.

The statutes of March, 1867, amendatory of the city charter and prescribing the mode of ordering improvements, and levying special assessments therefor, require, " that the board shall proceed to investigate the same, and if they shall determine that such improvement is necessary and proper, they shall report the same to the common council, *accompanied with a statement of the expense thereof,*" etc. "Having reported on such application, and recommending that the improvement be made, or disapproving of the doing it, as is provided for in the above mentioned act, the common council may then, in either case, order the doing of such work or the making of such public improvement, *after having first obtained from said board an estimate of the expense thereof,* and *in such order specify what amount of said estimated expense shall be assessed upon the property deemed specially benefited,* and *what amount shall be chargeable to and be paid in of the proceeds of the general fund,* or out of the proceeds of any general tax authorized to be levied by said city."

Whatever may be said as to the prerequisites of a valid order by the council for an improvement to be paid for by special assessments, it is undeniable that, without a report of the commissioners, either recommending or disapproving of the proposed work, or without a statement made by them to the council of an estimate of the expense of such work, no valid order for such improvement to be paid for by special assessments can be made; nor can a valid assessment be made upon an ordinance which fails to specify what amount of the estimated expense shall be assessed upon the property deemed specially benefited, and what amount chargeable upon the general fund.

Now, what is the exact posture of this matter?

The only report made by the commissioners, upon which any order of the council has been made, was one recommending the work, in the original proceedings, and the only statement of an estimate of the expense of the work was in that report; but that report, and all proceedings connected with it, were utterly void.

The only order of the council purporting to specify what amount of the estimated expense should be chargeable upon real estate and what upon the general fund, and made indispensable by the statute, is the original ordinance, conceded by appellee's counsel to have been utterly void.

Instead of such an order by the council specifying these respective amounts, we find only the opinion of the board of public works expressed in the last clause of their report for the new assessment, that the amount ordered to be charged upon the real estate, and that upon the general fund, by the original ordinance for the improvement, was a fair and proper proportion of its total cost; but the ordinance in the new proceeding says nothing about it. That simply orders the commissioners to make a new assessment for the sum of $56,-166.76, said assessment being for the amount which the city failed to collect upon a special assessment confirmed by the council on the 23d day of August, 1869, for the curbing, etc.

The new assessment must be made, as near as may be, in the same manner prescribed for a first assessment.

There was, literally, no attempt, so far as we can discover, to make this new assessment, as nearly as was practicable, in the same manner as is prescribed for making a first assessment.

There was no disclosure in the proceedings respecting the state of the improvement, whether completed or uncompleted, or whether payments had been made or amounts collected under the original, except by implication. If the work had not been completed, then certainly there should have been a report by the board as in an original case, containing an estimate of the expense, and a statement of the amounts paid, on

the original.   If it had been completed when these new pro-
ceedings were commenced, that fact should have been reported,
with a statement of the actual cost of the payments made, and
the assessment ordered for the balance only, as was held in
*Union Building Association* v. *City of Chicago, supra.*

In such cases, where the proceeding must be varied accord-
ing to circumstances, it will suffice if made, as nearly as may
be, in the manner prescribed for the first assessment.   But it
is a far different matter when the manner prescribed for a first
assessment is disregarded altogether, where a new assessment
is levied, without any valid estimate of the expense of the
improvement, without any valid ordinance specifying what
amount shall be assessed upon the real estate deemed specially
benefited, and what paid out of the general fund, and with a
substitution of the opinion of the board in the place of such
ordinance.

We are of the opinion that this new assessment was not
levied in conformity with the requirements of the statute.

The collector, as has been repeatedly held, had no authority
to apply for judgment; the judgments will therefore be re-
versed and the causes remanded.

*Judgments reversed.**

---

*The four following cases, *George K. Adams* v. *City of Chicago*, *Grant Goodrich* v. *Same*, *Adolph Loeb* v. *Same*, and *Elias R. Bowen* v. *Same*, appeals from the Superior Court of Cook county, are essentially like the above case of *Workman et al.* v. *The City of Chicago*, and are decided in the same way.  The case of *A. Bulkley* v. *The City of Chicago*, also an appeal from the Superior Court of Cook county, presents the same questions determined in the cases of *Union Building Association* v. *The City of Chicago*, and *Workman et al.* v. *The City of Chicago*, and is decided in accordance with those cases.