BENJAMIN BURTON *et al.*

*v.*

CITY OF CHICAGO.

1. SPECIAL ASSESSMENT—*want of confirmation of report.*  Where the ordinance of a city ordering the improvement of a street was valid, and it appeared that the commissioners appointed to estimate the total expense to be assessed upon the real estate deemed specially benefited, and that chargeable upon the general fund, acted within their jurisdiction in making their report and estimate of the cost of the work, and the assessment failed only for want of proper notice for confirmation, it seems that such report and ordinance may be adopted in a new proceeding, by a proper reference, which

conforms as near as may be in manner to that required for a first assessment.

APPEAL from the Superior Court of Chicago.

Messrs. SPAFFORD, McDAID & WILSON, for the appellants.

Mr. M. F. TULEY, for the appellee.

Mr. JUSTICE MCALLISTER delivered the opinion of the Court:

This was an application made at the March term, 1871, of the Superior Court, by the collector of Chicago, for judgment upon a special assessment warrant to make up what the city failed to collect of an original assessment for paving, etc., North Dearborn Street, in Chicago.

This case is distinguishable from that of *Workman et al.* v. *City of Chicago* and *Union Building Association* v. *Same,* 61 Ill. 463, 439. In both of those cases all of the steps in the original proceeding, including the ordinance, were illegal and void; in this case we discover no grounds for holding invalid the report of the commissioners and statement of estimate, or the ordinance ordering the improvement and specifying the amount of the total estimated expense to be assessed upon the real estate deemed specially benefited, and that chargeable upon the general fund. The assessment was held void for want of proper notice for confirmation. When the commissioners are acting within their jurisdiction in making their report and a statement of the estimated cost of the work, and the ordinance proper and valid—as in this case—we are not prepared to say that such report and ordinance may not be adopted in the new proceeding, by a proper reference, and such proceeding held to be made as nearly as may be in the manner prescribed for a first assessment.

But as the judgment must be reversed, on the ground that

the collector had no authority to apply for it, we will forbear any discussion of the other points, because a different case may be presented at the hearing below as to the basis upon which this new assessment was made.

Judgment reversed and cause remanded.

*Judgment reversed.**

---

* WALKER *v.* CITY OF CHICAGO.

Per CURIAM: This case is the same as that of *Burton* v. *City of Chicago,* and is disposed of in the same manner.

The judgment of the court below is reversed and the cause remanded.