# SUPREME COURT

OF

# ILLINOIS.

## THIRD GRAND DIVISION.

### APRIL TERM, 1864.

———

THE CITY OF CHICAGO

*v.*

L. D. WARD *et al.*

1. ASSESSMENT—*for opening a street in Chicago.* Where the city have levied an assessment to extend and open a street, and it has been confirmed as required by the 36th section of chapter 7 of the city charter; and a warrant is issued to the collector, who returns a portion of the property delinquent; and applies to the court for an order of sale; and the court refuses, on objections interposed by the owners, to grant the order; the city authorities may, under that section, proceed to levy a new assessment to cover the deficit.

2. NEW ASSESSMENT—*how made.* In making a new assessment, the 36th section requires the city authorities to proceed, as near as may be, in the manner required in levying the first assessment. And when such new assessment has been made, and the warrant issued to the city collector, and he returns a portion of the lands delinquent, and asks the court for a judgment for their sale, and the owners interpose objections, the court will look alone to the regularity of the proceedings in levying the new assessment. The court will not look into the regularity of the first assessment, or regard any judgment rendered on the first assessment roll.

3. ASSESSMENT—*its regularity.* In such a case, if the new assessment and other proceedings are regular, it is error for the court to refuse an order for the sale of such delinquent lands, although the first assessment may be irregular.

1 — 36 ILL.

WRIT OF ERROR to the Superior Court of Chicago

This was an application to the Superior Court of Chicago, by the city collector, for a judgment, against lots and real estate, which had been assessed for the purpose of extending Fourteenth street to Indiana avenue.

The report and application for judgment of the city collector was filed in the Superior Court of Chicago, February 6th, 1865. It sets forth that special warrant No. 415 South, was delivered to him for collection, on the 29th day of October, 1864; that upon the receipt of said warrant, he forthwith gave due notice, by publication, that the same was in his hands for collection; that he had also given due notice, by publication, of his intended application for judgment against the delinquent property; and that a schedule annexed to said report is a correct list of the lands, lots, etc., on which the assessments are not paid; and that the amounts of the assessments, damages and costs due on said lands, lots, etc., respectively, are therein correctly stated and set forth; and praying for judgment, etc.

The owners of the lots appeared, and filed objections to the proceedings and resisted the rendition of a judgment against the lands and lots, and filed their written objections to the proceedings as follows:

1. There was never any valid special assessment levied for the extension of Fourteenth street, as is recited in the assessment roll for the collection of which said warrant issued.

2. No such original assessment recited in the assessment roll for the alleged deficiency was ever confirmed by the common council.

3. The alleged assessment, for the deficiency of which the present assessment was made, was an illegal and void assessment as far as it affects the lands of these objectors.

4. At the February term, 1864, of this court, the city collector applied for judgment against the several lots of land above specified, upon a warrant issued on the original assessment, and thereupon the owners of the property herein de-

scribed filed their objections to the entry of judgment, among which were the following:

(1.)  No notice, as required by the city charter, was given by said commissioners of the filing of said pretended assessment roll with the city clerk, and of the application by said commissioners to said council for a confirmation thereof.

(2.)  Said common council had no authority to confirm said assessment roll, and the same never was confirmed by said council, and its pretended order of confirmation was illegal and void.

And afterwards, on the hearing of said application, said two objections were sustained by said court, and judgment refused against the said lots herein described, which judgment remains in full force: Wherefore objectors say that there was no such valid original assessment on said lots and lands.

5.  Because the present warrant issued upon what purported to be an assessment for a deficiency which the city failed to collect on a special assessment for the extension of Fourteenth street, alleged to have been levied by the common council August 10th, 1863, when in fact no such assessment was ever levied, and the confirmation of said original assessment by said council was null and void for want of jurisdiction.

6.  No valid ordinance was ever passed by the common council for the making of the present assessment.

7.  No legal notice was given of the meeting of the commissioners for the purpose of making said assessment.

8.  No legal notice was given by the commissioners of the filing of the assessment roll, on which the present warrant issued, in the office of the city clerk, and of the intended application for a confirmation thereof.

9.  The common council had no authority to confirm the last mentioned assessment, and its alleged order of confirmation thereof is null and void.

10.  The city charter requires an assessment to be made upon the delinquent property for any deficiency which the city may fail to collect upon any original assessment; and the assessment on which this warrant issued, and the said warrant, show

upon their face, that the assessment for such delinquency was made only upon the delinquent *real estate.*

11.   These objectors are assessed for benefits for the opening of said street, when there has never been any valid condemnation of the land proposed to be taken for the extension of said Fourteenth street.

12.   There has never been any valid or binding assessment and condemnation made by said city, whereby it acquired any title to or right in the property proposed to be taken for the extension of said street.

13.   Because this warrant, and the proceedings upon the assessment on which this warrant issued, fail to show that the alleged original assessment had not been canceled and set aside by the order of any court upon certiorari or appeal.

It appears that the board of public works reported to the common council on the 18th day of May, 1863, recommending the extension of Fourteenth street, from State street to Indiana avenue, with an ordinance directing the improvement to be made, and an assessment to be levied to defray the expense. On the 15th of June following, the ordinance thus reported was adopted by the common council.   The assessment roll was read in evidence, and appears to have been filed in the office of the city clerk, on the 29th of July, 1863, and amounted to the sum of $22,075.

Attached to this assessment roll is a certified copy of the following notice, published in the corporation newspaper, six days consecutively, commencing on the 4th day of August, 1863 :

ASSESSMENT NOTICE.

OFFICE OF THE BOARD OF PUBLIC WORKS, <br> CHICAGO, August 3rd, 1863.

Public notice is hereby given to all persons interested, that the Board of Public Works of the city of Chicago has completed the assessment roll for the extension of Fourteenth street, fifty feet in width, from State street, east to Indiana avenue, and such assessment roll has been filed in the office of the city clerk.   The Board of Public Works will apply to the Common Council of said city, at its next regular meeting, to be held

on the 10th day of August, 1863, at the hour of $7\frac{1}{2}$ o'clock P. M., for a confirmation of such assessment, at which time all parties interested will have the right to be heard.   All persons wishing to object to said assessment, must file their objections to the same, in the office of the city clerk, at least one day prior to such meeting of the Common Council.

J. G. GINDELE,
FRED. LETZ,
ROBERT LAW,
*Commissioners of the Board of Public Works.*

By an order of the common council, adopted on the 10th day of August, 1863, the assessment was confirmed, and on the 13th of that month it was approved.   On the 10th of August, 1864, the board of public works filed the following report:

OFFICE OF THE BOARD OF PUBLIC WORKS, }
CHICAGO, July 25th, 1864.

*To the Mayor and Aldermen of the City of Chicago, in Common Council assembled:*

The Board of Public Works respectfully represent to your honorable body, that having failed to obtain judgment on a portion of the special assessment for extending Fourteenth street, from State street to Indiana avenue, amounting to $4,457.20, we hereby ask for the passage of the subjoined order directing a new assessment to be made upon the delinquent property for the amount of the deficiency above set forth.

It is hereby ordered by the Common Council of the city of Chicago,

That the Board of Public Works are hereby directed to make a new assessment upon the delinquent property for $4,457.20, the amount which the city failed to collect upon a special assessment for the extension of Fourteenth street, from State street to Indiana avenue, which assessment was confirmed August 10th, 1863.

J. G. GINDELE,
FRED. LETZ,
O. J. ROSE,
*Board of Public Works.*

The above order passed by the common council, August 11, 1864, and approved August 16, 1864.

A list of delinquent real estate in the south division, assessed for this improvement, was returned by the collector, which was confirmed by the common council on the 17th of October, 1864, and approved on the 25th of October, 1864. It was admitted that $16,102.21 had been collected by the city on the original assessment roll, and that the city had failed to collect the balance of the assessment; that application was made by the city collector to the Superior Court, at the February term, 1864, for judgment against the several lots of land described in the warrant issued for the collection of the assessment, damages and costs then remaining unpaid thereon, and that judgment was refused by the court against the property, in the new assessment roll, the owners having filed objections to the recovery of such judgment, which were sustained by the court; and among which are the following:

1.    Because no notice, as required by the city charter, was given by the commissioners of the filing of said pretended assessment roll in the city clerk's office, and of the application by said commissioners to the common council for a confirmation thereof.

2.    Because said common council had no authority to confirm said assessment roll, and the same was never legally confirmed by said common council, and its pretended order of confirmation thereof is illegal and void.

On the hearing of the application, the court below allowed the objections, and refused the judgment asked against the several parcels of land described in the objections. The city brings the cause to this court on a writ of error, and asks a reversal of the judgment, because —

1.    The court erred in sustaining the objections filed by the said defendants to the application made by the collector for judgment against the several lots and parcels of land in said objections specified.

2.    The court erred in refusing to render judgment in favor

of the city of Chicago against the several lots and parcels of land specified in the objections filed by said defendants.

3.   The judgment rendered by said court in favor of said defendants, was contrary to the law and evidence, and should have been for the plaintiff.

Mr. B. F. AYER, for the Plaintiff in Error.

Messrs. BARKER & TULEY. for the Defendants in Error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was an application for a judgment on an assessment roll against real estate in the city of Chicago.   The assessment was made to extend Fourteenth street, from State street to Indiana avenue.   It is urged that the assessment was void, for the want of proper notice to the owners of real estate upon which it was levied.   It is provided by the 36th section, chapter 7, of the city charter, (Private Laws, 1863, p. 93,) that if, from any cause, the city shall fail to collect the assessment which may have been levied, either in whole or in part, and where the same has not been canceled by order of court, the common council may, at any time within five years after the confirmation of the original assessment, direct a new assessment to be made upon delinquent property for the amount of such deficiency, and interest thereon from the date of the original assessment.   And it declares that it shall be made in the same manner as is prescribed for the first assessment.

The third section of chapter seven of the city charter regulates the mode in which the original assessment shall be made.   It declares that in cases for the opening of any street, the application shall be made to the board of public works; or, if made to the common council, it shall be referred by them to the board.   And upon receiving such application they are required to proceed to investigate the same, and if they determine such improvement to be necessary, they are required to report the

same to the common council, with an estimate of the expense thereof, and also a proper ordinance or order directing the work to be performed.

The fourth section requires them to furnish a plan of the proposed improvement, and whether real estate to be assessed will be benefited to the extent of the damages, costs and expenses necessary to be incurred thereby.

The fifth section declares, that when such an order shall be passed by the common council, the commissioners of the board of public works shall forthwith proceed to ascertain and assess the damages and compensation due for land appropriated for opening such street. Also, at the same time determine what estate will be benefited thereby, and assess the damages and costs of the proceeding by them deemed benefited, in proportion as nearly as may be done. The sixth section requires the commissioners to be sworn faithfully to discharge their duties. And it requires them to give six days' notice, by publication in the corporation newspaper, of the time and place of their meeting for the purpose of making the assessment, in which they shall specify what such assessment is to be made for, and shall describe the land to be condemned.

The eighth section declares, that if the damage to any person shall be greater than the benefits received, or if the benefits be greater than the damages, the commissioners shall strike a balance. The thirteenth section requires that when completed, the commissioners shall file the assessment roll in the office of the city clerk, and notice given by them, for six days, by publication in the corporation newspaper, of the filing the same, and that at the next regular meeting of the common council after such notice is given they will apply for a confirmation of the assessment. It also provides that objections may be made before the common council, but they are required to be filed in writing. It authorizes that body to adjourn the hearing from time to time, to revise and correct the same, or to confirm or annul it and direct a new assessment.

An assessment was made under these provisions for the purpose of extending this street, but owing to the resistance of

some of the property holders, a part of it was not collected. Proceedings were then instituted under the 36th section of chapter seven, to reassess the deficiency on the delinquent property, and it is upon this latter proceeding that the application was made in the court below for an order of sale. It will be observed that this section requires this second assessment to be made as near as may be in the manner prescribed for the first assessment. The commissioners reported to the common council the deficiency, with an order for a reassessment on the delinquent property, which was approved and passed by the common council. The commissioners then gave notice to all persons in interest, of the time and place of the intended assessment. After it was made, they published a notice that it had been completed, and that they would apply at the next regular meeting of the common council for a confirmation of the assessment. At that meeting it was confirmed.

To these last proceedings no exceptions are taken. But it is urged that on the first assessment the notice was given by the board of public works instead of the commissioners of public works. And that a notice was given by the board of public works that they would apply for its confirmation. It is obvious that this second proceeding was independent of and disconnected from the first proceeding. The application was made for an order for the reassessment which was passed. The required notices were given, and the assessment made and confirmed, precisely as was required by the law, so far as we can see, and as nearly in the manner required by the law in the first assessment as was practicable. We are therefore at a loss to perceive how the first assessment, or the notices then given, can in the slightest degree affect this proceeding. The question is not whether the first was legal, but was the latter? No exceptions are urged to this, but to the first, and they are wholly unavailing.

It is again urged, that the Superior Court had decided the first assessment void, and refused a judgment to enforce that proceeding, and that the judgment was a bar to this application for an order of sale. This being a new proceeding, inde-

pendent of, but growing out of the former, can in no manner be affected by it. And whether the first proceeding was valid or invalid, could not matter. This proceeding was designed to cure defects existing in the first assessment, and could only be tested by the law authorizing it to be levied. The judgment on the first assessment was no bar to this application.

We, for these reasons, are of the opinion that the court below erred, and the judgment must be reversed and the cause remanded.

*Judgment reversed.*