MATTHEW LAFLIN *et al.*

*v.*

THE CITY OF CHICAGO.

1. ASSESSMENT—*new assessment may be made—when original assessment was void for irregularities.* Under the authority of the 36th section of chapter 7 of the revised charter of 1863, of the city of Chicago, a new assessment may be made, in cases where the former assessment was void for irregularities. The language of the charter applied equally as well to cases when the original assessment was illegal, as when a new assessment has become necessary from any other cause.

2. FORMER DECISION—*approved.* The case of *The City of Chicago* v. *Ward*, 36 Ill. 9, approved.

3. ASSESSMENT—*where first assessment is illegal—interest cannot be charged upon it—nor the costs of making it—and included in the judgment upon the new assessment.* And in cases where the first assessment was void for irregularities, it is error for the court in rendering judgment against the property upon the new assessment, to include in such judgment the costs of making the original assessment, with interest from the date of its confirmation. Such are not the requirements of section 36, upon a void assessment.

APPEAL from the Superior Court of Chicago.

The opinion states the case sufficiently.

Messrs. BARKER & TULEY, for the appellant.

Mr. S. A. IRVIN, for the appellee,

57—48TH ILL.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an application in the Superior Court of Chicago, for judgment on a special assessment imposed for the purpose of opening a street. There had been a former assessment, upon which judgment was refused for irregularities, and this re-assessment was made under the authority of the 36th section of chapter 7, of the revised charter of 1863. Judgment was given in the superior court against those lots upon which the re-assessment was not paid, and an appeal has been prosecuted to this court.

The first objection made by appellants—that the charter does not authorize a new assessment in cases where the original assessment was void for irregularities—was considered by this court in the case of *The City of Chicago* v. *Ward*, 36 Ill. 9, and we are not disposed to depart from that decision.

The language of the charter is very comprehensive. It authorizes a new assessment whenever, " from any cause, the city fails to collect the whole, or any portion, of any special assessment." We can not doubt this was intended to apply to cases where the first assessment was illegal, as well as to those where a new assessment has become necessary from any other cause.

We are, however, of opinion that the superior court erred in including in the judgment the costs of making the first assessment, and interest from the date of its confirmation. The injustice of charging interest upon an assessment illegal and void, and so pronounced by the courts, is so obvious that the language of the 36th section, above quoted, which seems to authorize it, should be made to receive, if possible, a different application. We think the requirements of the act are sufficiently met by allowing interest only in those cases where the failure to collect, and the necessity of a new assessment, have arisen from some other cause than the illegality of the original assessment.

We find no other error in this record, but the judgment must be reversed and the cause remanded, with instructions to the superior court to render a judgment as before, less the costs of the original assesment and the interest thereon.

*Judgment reversed.*