## THE VILLAGE OF HYDE PARK

### v.

## HORACE F. WAITE ET AL.

ASSESSMENT UNDER DEFECTIVE ORDINANCE—CURATIVE ORDINANCE.—Judgment on a special assessment for laying water pipes was refused on account of a defect in the ordinance. Another ordinance was subsequently passed to cure the defect in the first, and a new assessment made. *Held,* that the decision of the court refusing judgment on the first assessment was not *res adjudicata;* that while the last ordinance was thought to be made necessary by what was held to be a defect in the first, yet as authority for the new assessment it was wholly independent of the first, and the proceedings under it were *de novo* as to the objectors In neither case was the question of power involved, and hence the first judgment could not be a bar to the second.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, judge, presiding.

Mr. C. H. WILLETT, for appellant; that the doctrine of *res adjudicata* does not apply, cited Chicago v. Ward, 36 Ill. 9; Stillwell v. The People, 49 Ill. 45; Forsyth v. Chicago, 62 Ill. 304; Union Bld'g Ass'n v. Chicago, 61 Ill. 439; Phillips v. Quick, 68 Ill. 324; Wadams v. Gray, 73 Ill. 415; Wells v.

Chicago, 66 Ill. 280; Rev. Stat. 1874, 239, § 46; Cooley on Taxation, 322.

The second assessment was in accordance with the statute: Rev. Stat. 1874, 239, § 48; Chicago v. Ward, 36 Ill. 9; Union Bld'g Ass'n v. Chicago, 61 Ill. 439; Harrison v. Chicago, 61 Ill. 459; Wells v. Chicago, 66 Ill. 280; Rickets v. Hyde Park, 85 Ill. 110..

A new trial should have been granted: Bills v. Stanton, 69 Ill. 51; Chicago West Div. R'y Co. v. Chicago, Sup. Ct. Ill. Sept. T. 1877.

Where the trial is by the court without a jury, a motion for new trial need not be made: Metcalf v. Fents, 27 Ill. 110; Mabury v. Davis, 44 Ill. 288; Jones v. Buffum, 50 Ill. 277; Smith v. Gillett, 50 Ill. 290; Mendota v. Fay, 1 Bradwell, 418.

One owner cannot make objections for another: Ottawa v. Marcy, 20 Ill. 420.

The ground of objections should be specified: Smith v. Chicago, 57 Ill. 497; Jerome v. Chicago, 62 Ill. 285; Purington v. The People, 79 Ill. 11.

The judgment of the court upon the question of benefit to property assessed not being appealed from, that question cannot be raised in this court: Cushing v. The People, Sup. Ct. Ill. 1876; Lehmer v. The People, Sup. Ct. Ill. 1876.

Mr. John Wilson and Mr. J. W. Waughop, for appellees; cited Union Bld'g Ass'n v. Chicago, 61 Ill. 439; Chicago v. Wright, 80 Ill. 479.

Pleasants, J.  Under an ordinance passed January 4, 1876, directing that certain water pipe " be laid and constructed " along one of its streets as therein particularly set forth, the village of Hyde Park levied a special assessment, which the County Court confirmed by default as against the property of all parties concerned except the appellees.  Upon their objection its confirmation was refused as to them, and judgment was entered in their favor for costs, " upon the sole ground that 287½ feet of cast-iron water supply pipe mentioned in said ordinance had been laid prior to the passage of said ordinance."

Village of Hyde Park v. Waite et al.

From this judgment an appeal was prayed and allowed, but afterwards withdrawn " by order of the County Court, without prejudice, to make a new assessment."

In December following another ordinance was passed, reciting the former one, the proceedings under it, the completion of the work as described, and the failures to collect a portion of the assessment, ordering a new assessment upon the delinquent property for the amount of the deficiency, and appointing commissioners to make the required estimates. Said commissioners accordingly reported the actual cost of the work and of the original assessment therefor, of the work alone, the amount of the deficiency, and the estimated cost of the new assessment.

Upon the petition of the village the County Court then appointed commissioners to make the new assessment, who duly certified and filed their roll, showing how much of this deficiency and estimated cost was levied upon the village and upon the delinquent property respectively.

To the confirmation of this assessment also numerous objections were interposed on behalf of the appellees, of which, however, the following only is here in question:

" There has already been an assessment for this identical work, and the same presented to this Court for confirmation, and confirmation thereof was refused by this Court, and that judgment was and is final and conclusive in this case; and the said village is estopped from proceeding, except on the record of the former proceeding and judgment, from which they should have taken an appeal."

The County Court overruled it, but the Superior Court sustained it, and gave judgment against the village, from which the latter appealed.

Was the objection valid? The argument in support of it is based on the assumption that the issue in the County Court, upon the application for confirmation of the first assessment, was upon the power of the village to assess for an improvement in part made before the passage of the ordinance; and the position taken is that the finding for the objectors on that issue, whether right or wrong, must be conclusive against every

attempt to assess for this improvement until it shall be reversed in a direct proceeding.

We find in the record no sufficient warrant for this assumption. As already stated, the ordinance described the improvement for which it directed the assessment as certain pipe to be laid, while the proof showed that a portion of that for which the assessment was made had been laid. And upon this ground alone the court refused the confirmation; but whether because it adjudged, as matter of law, that the village had no power to assess for such an improvement, or that such an improvement was not what was described in the ordinance under which the assessment was made, does not appear. We are not to assume the former, especially since the Supreme Court had declared the law to be to the contrary. Rickets v. The Village of Hyde Park, 85 Ill. 110. If the latter, the infirmity was cured by the last ordinance. The issue on the application for confirmation of the first assessment was upon the sufficiency of the first ordinance and of the proceedings under it, as on the application for confirmation of the new assessment it was upon the sufficiency of the last ordinance, and of the proceedings under it.

While the last ordinance was thought to be made necessary by what was held to be a defect in the first, yet as authority for the new assessment it was wholly independent of the first, and the proceedings under it were *de novo* as to the objectors. In neither case was the question of power involved, and hence the judgment on the first application could not be a bar to the second. The City of Chicago v. Ward, 36 Ill. 9; Laflin v. The City of Chicago, 48 Ill. 449; The Union Building Assoc'n v. The City of Chicago, 61 Id. 446; Wells v. The Same, 66 Id. 283.

We express no opinion upon any other question suggested by counsel here, because we do not see that any other was passed upon by the Superior Court; but for what we deem its error in the particular above stated, we reverse the judgment and remand the cause.

Reversed and remanded.