MARVIN A. FARR *et al.*

*v.*

THE WEST CHICAGO PARK COMMISSIONERS.

*Filed at Ottawa April 3, 1897.*

1. On the question of the constitutionality of section 20 of the
act to enable park authorities to make local improvements, (Laws
of 1895, p. 289,) the question whether the West Chicago Park Com-
missioners are "corporate authorities," within the meaning of the
constitution, and the question of proof to be made of such commis-
sioners' jurisdiction in a special assessment proceeding, this case
follows the case of *West Chicago Park Comrs.* v. *Sweet, ante,* p. 326.

2. SPECIAL ASSESSMENTS —*park authorities may specially assess property benefited.* The words "power and authority to levy, assess and collect special assessments and special taxes on contiguous property," used in section 1 of the act to enable park authorities to make local improvements, (Laws of 1895, p. 286,) do not confine the taxing power to contiguous property, but contemplate as well the special assessment of property benefited.

3. SAME—*new assessment is not based on old one.* Where an original assessment has been declared void by the Supreme Court, a new assessment to pay for the improvement is based on the ordinance providing for such improvement, and not on the void assessment.

4. SAME—*new assessment cannot legally include expenses of old assessment.* Where a special assessment has been declared invalid, upon the levying of another assessment to pay for the improvement the attorneys' fees, the cost of a copy of the opinion in the former assessment, and other expenses incurred in the former assessment, cannot be legally included.

5. PRACTICE—*judgment to be entered where new assessment includes illegal charges.* Where a new assessment includes illegal charges, consisting of expenses of a former assessment, upon reversal on appeal on that ground directions will be given to reduce the assessment against the appellants' property their proportionate shares of the sums so illegally included.

APPEAL from the County Court of Cook county; the Hon. O. N. CARTER, Judge, presiding.

KERR & BARR, and MAHER & GILBERT, for appellants.

H. S. MECARTNEY, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The city of Chicago, by its ordinance of October 12, 1891, granted to appellees Warren avenue, from the west line of Garfield Park to West Fortieth street, and West Washington street from West Fortieth street to West Fifty-second street, and the small part of West Fortieth street connecting said Warren avenue and Washington street. Appellees, by ordinance passed March 8, 1892, accepted these streets, and on May 17, 1892, passed an ordinance for their improvement with asphalt pavement,

concrete curb and gutter and concrete sidewalks, and for a special assessment upon the property benefited thereby. An assessment was made and a judgment of confirmation entered, which was reversed by this court. Appellees had taken possession of the streets, and from the date of their acceptance had policed them and exercised jurisdiction over them. They proceeded to construct the improvement provided for. It was commenced in August, 1892, and finished in 1894 as far as West Forty-sixth street. The first special assessment having failed, appellees passed an ordinance October 8, 1895, reciting the previous proceedings and ordering a new assessment under the provisions of the act in force July 1, 1895, entitled "An act to enable park commissioners or park authorities to make local improvements and provide for the payment therefor." This proceeding was commenced in pursuance of that ordinance. Appellants appeared and filed objections, which were all overruled and the assessment was confirmed.

Most of the objections raised by appellants are considered and decided against them in the case of *West Chicago Park Comrs.* v. *Sweet,* (*ante,* p. 326.) These objections are: First, that section 20 of the act under which the proceeding was instituted is unconstitutional and void, because the making of an assessment to pay the cost of a completed improvement is not embraced in the title of the act; second, that the West Chicago Park Commissioners are not corporate authorities of the town of West Chicago, and therefore, under the constitution, the legislature could not confer upon them power to make a special assessment; third, that it was necessary for the appellees to show that in the proceeding by which the streets were ceded to them the consent in writing of the owners of a majority of the frontage of the lots and lands abutting on the streets was first obtained. There had been no direct proceeding to divest appellees of their jurisdiction over the streets, and the reasons given in the

other case apply with equal force here. It will not be necessary to repeat those reasons.

It is also insisted that there is no power under the act referred to, to levy a special assessment, but that the power is limited to levying a special tax on contiguous property. The act confers "power and authority to levy, assess and collect special assessments or special taxes on contiguous property, or general taxes, or both, or otherwise." It is argued that this provision limits the special assessment to contiguous property, and that a special assessment cannot be levied on contiguous property without reference to whether it is benefited, and that therefore the method provided is by special tax. The ordinance of October 8, 1895, provided for a special assessment upon property benefited, and was plainly authorized by the act. The words "on contiguous property" only apply to a special tax.

It is claimed that even if section 20 of the act under which the proceeding was had was constitutional, still it does not apply to this case. There is nothing in this point. Appellees had power to provide for the improvement by special assessment aside from the act of 1871 providing for a special assessment by the corporate authorities of two or more towns.

Another contention is, that a void assessment cannot be the basis of a new assessment. The answer to that claim is, that this assessment is not based on the other one, but has its foundation in the ordinance providing that the improvement should be made, and that it should be paid for by special assessment.

It is also argued that the allegation of the petition that the improvement was completed to West Forty-sixth street was not proved. Warren avenue and Washington street ran east and west, and where they came together there was a jog in the lines. The north line of Warren avenue was about even with the south line of Washington street. The portion of the improvement on

Fortieth street was in this place, and connected the ends of the other streets. There was a railroad track in Fortieth street, and so the asphaltum was not laid in the roadway in that crossing, but the roadway was filled with limestone. The sidewalks were laid over the crossing and the boulevard lamps were put up. The improvement was substantially completed as alleged, and the fact of this condition at the crossing of the railroad track is not sufficient to sustain the claim that the petition was not proved.

Lastly, it is objected that the estimate was excessive. Under this head it was proved that attorney's fees, the cost of the copy of an opinion, and other expenses which were incurred in the old assessment, were included in the estimate which this assessment was levied to pay. The expenses incurred in that proceeding were not a proper or lawful charge. *Laflin* v. *City of Chicago*, 48 Ill. 449.

It is urged that this objection was only made in behalf of part of the appellants, and that the others can not have the benefit of it. Only part of the appellants filed a written objection covering that ground, but the evidence that these illegal charges were included in the estimate was offered by the objectors generally, and no objection was made, of the kind now insisted on, as to part of them. Appellants objected to going into the question at all, as to any of the objectors, but did not raise the point now made. If raised it might have been obviated, and therefore will not now be considered.

The judgment will be reversed and the cause will be remanded to the county court of Cook county, with directions to reduce the assessments against the lands of said appellants their proportionate shares of the sums illegally included in the estimate aforesaid.

*Reversed and remanded.*