## City of Alton v. Alfred F. Foster, for use of Alton Stoneware Pipe Co.

1. SPECIAL ASSESSMENTS—*Whom Contractors Must Look to for Pay.* —Under Sec. 49, Art. 9 of Chap. 24, R. S., entitled "Cities, Towns and Villages," a person taking a contract for the construction of a public work, who agrees to be paid from moneys arising from special assessments on account of such work, can have no claim or lien upon the funds of the municipality, except those arising from the collection of the special assessment made for the work in question.

2. PUBLIC IMPROVEMENTS — *Without a Preliminary Ordinance.* — When an improvement has been completed without an ordinance ordering it, a municipality has no authority to levy a special assessment for its payment.

3. CITIES AND VILLAGES—*Void Ordinances—Re-assessments.*—Where an ordinance has been passed directing a public improvement to be made and paid for by special assessment, in case of an insufficient description of the improvement, thereby making the assessment invalid, a re-assessment may be made, although the improvement has been completed between the times of passing the original ordinance and the ordinance providing for the re-assessment.

4. ORDINANCES—*May be Invalid in One Respect, etc.*—An ordinance may be invalid in one respect and valid in all others.

5. SAME—*For Special Assessments—Amendments.*—When the orig-

inal ordinance directing a special assessment proves defective and insufficient to support an assessment, if not absolutely void, it may be amended or the defect cured by a supplemental ordinance and a re-assessment made.

6. SAME—*Suits Under, for Special Assessments—When Prematurely Brought.*—A contractor entered into an agreement with a city for the construction of a public work, containing a covenant, in substance, to the effect that he "should have no lien upon the city in any event over and above the amount hereinbefore provided to be raised for said improvement by general taxation, if any, except from the collection of the special assessment ordered to be levied, assessed and collected by the city council for said improvement." After the completion of the work, the court refused to confirm the assessment on account of an insufficient description of the improvement. The city, then, on petition of the contractor, immediately took the initial steps to make a re-assessment, but before an ordinance for that purpose could be passed the contractor brought a suit to recover the amount, upon the ground that the city had exhausted its power and could not make a re-assessment. *Held,* that the city had power to order a re-assessment, and that no recovery could be had unless it refused or neglected to levy such re-assessment.

**Assumpsit.**—Work, labor and materials. Appeal from the Circuit Court of Madison County; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding. Heard in this court at the August term, 1897. Reversed. Opinion filed March 1, 1898.

### STATEMENT OF THE CASE.

In this case a jury was waived, the facts stipulated, a trial by the court, and a judgment rendered for appellee for the amount claimed, $1,245.95.

The stipulation refers to the declaration, excepting a certain statement therein, and to other records for a statement of the facts. They are in substance as follows:

On the 15th of February, 1892, the city council of the city of Alton passed an ordinance for the construction of a pipe sewer from a connection with the Piasa street sewer to a connection with the Ridge street sewer, and for levying a special assessment therefor, which ordinance was approved on the same day. On the 26th of April, 1892, appellee, Alfred F. Foster, contracted with the city to build the sewer and proceeded to build it. Objections were filed by some of the property owners to the petition for special assessment, which were sustained by the County Court,

and upon appeal to the Supreme Court the decision of the County Court was affirmed, October 16, 1892, and is reported in City of Alton v. Middleton's Heirs, 158 Ill. 442.

The Supreme Court refused to confirm the judgment for special assessment on account of the insufficient description of the proposed improvement.

The total cost of the sewer was $2,890.65. There was collected by special assessment, and paid of this sum $1,645, leaving a balance of $1,245.65.

On the 11th February, 1896, appellee presented a petition to the city council praying for the passage of an ordinance for a new and valid assessment to collect said balance.

The city council granted the prayer of the petition, and directed the ordinance committee to prepare and report such an ordinance; but prior to the next meeting of the city council, and on the 6th day of March, 1896, appellee commenced this suit.

Section 7 of the ordinance ordering the improvement to be made, and the letting of the contract therefor, is as follows:

"Said contract shall contain, among other things, a covenant in substance to the effect that the contractor or contractors shall have no lien upon the city, in any event, over and above the amount hereinbefore provided to be raised for said improvement by general taxation, if any, except from the collection of the special assessment ordered to be levied, assessed and collected by the city council for said improvement."

The contract entered into by appellant contains the following stipulations: "The said party of the first part (Foster) further agrees to make no claim against the city in any event except for the city's share of the cost of the sewer, as above specified, and from the collection of the special assessments ordered to be collected for said improvements, and agree to take all risks of the invalidity of said special assessments."

"The city shall in no event be liable by reason of the invalidity of said special assessments, or of the proceedings

therein, or for a failure to collect the same, provided, however, that in case said assessments, for any cause whatever, be declared invalid and void, the city hereby agrees to make a new assessment to pay for said improvements, and all excess of said actual cost of said improvements shall be rebated to the property owners."

The city of Alton is incorporated under the general act for incorporating cities and villages. There is no claim made against the city except for the balance, $1,245.65, uncollected on special assessments by reason of the decision of the courts refusing to confirm the judgment upon the assessment of those objecting.

Appellee submitted the following proposition of law :

First.    The court holds the law to be that when a contract is entered into by a contractor and a city incorporated under Chap. 24, Revised Statutes of Illinois, to make a public local improvement under an ordinance of said city, passed for the purpose of having said improvement made, under the provisions of article 9 of said chapter, by special assessment of contiguous property, and by said contract the contractor agrees to be paid solely from said special assessments, and it afterward turns out that said ordinance is totally void for the reason that it fails by its own terms to sufficiently describe the improvement intended, and the plans, specifications and profiles of said improvement are mentioned in said ordinance as being filed in the city engineer's office, instead of the city clerk's office, and it is therefore impossible for the city to provide any valid special assessment to pay for said improvement, still, if the contractor has, prior to said ordinance being found to be void, gone on under the direction of the proper officers of the city and furnished the improvements according to the plans, profiles and specifications so filed and furnished to him by the city, and expressly made a part of the contract, and said improvements so made have been accepted by the city, then the city is liable to pay the contractor out of the general fund or by general taxation for said improvement, or such part thereof as remains unpaid.

So held.

Second. When an individual enters into a contract with a city organized under Chap. 24, Revised Statutes of this State, to make a public local improvement to be paid for by special assessment under Art. 9 of said Chap. 24, and by said contract said individual agrees to be paid only out of said special assessments, and in pursuance of said contract makes and finishes said improvement, and the same is accepted by the city, and afterward the ordinance for the making of said improvement is found to be totally void, so that no special assessment can be collected to pay for said improvement, the law, under such circumstances, is that the individual is to be deemed as not agreeing to be paid out of said special assessments, and the promise of the city to pay is not conditional but single, and the city is liable to pay the said improvement out of its general fund or by general taxation.

So held.

Appellant submitted the following propositions:

First. The court holds as a matter of law, that, the city having by the ordinance and the contract in this case provided that it shall in no event be liable for the amount of said contract except from the collection of said special assessments, the plaintiff can not recover.

Refused.

Second. The court holds as a matter of law that the provision in the contract set forth in the declaration in this case to the effect that the plaintiff agreed to take all risks of the invalidity of the special assessments, and that the city should in no event be liable by reason of the invalidity of said special assessments, is based upon section 49 of article 9 of "An Act for the Incorporation of Cities and Villages," and is valid and binding upon the plaintiff in this case, and by reason of such provision the plaintiff is not entitled to recover, and the court holds for the defendant.

Refused.

Third. The court holds as a matter of law that as it appears that the city of Alton stands ready and willing to pass a new ordinance for the purpose of creating, assessing and collecting a new assessment, as provided in section 46 of

article 9 of the city and village act, and as it further appears that the city has the power and authority to create such assessment, and that the same would be a valid one, the plaintiff can not recover in the case.

Refused.

Fourth. The court holds as a matter of law that as the contract in this case provided that should the assessment created by the ordinance set forth in the declaration herein, for any cause whatever, be declared invalid and void, the city agreed to make a new assessment to pay for said improvement, and as it further appears that it may be possible for the city to create a new valid assessment to pay the balance due the plaintiff in this case, that until the power and authority vested in said city to make and create a valid special assessment to pay for this improvement as provided in said ordinance and said contract has been exhausted, the plaintiff can not recover.

Refused.

Fifth. The court holds as a matter of law that the construction of the sewer provided for in the ordinance in this case was a valid and proper exercise of the power given to said city under article 9 of the act relating to the incorporation of cities and villages to make local improvements by special assessments or special taxation, or both, and it appearing that the city had in good faith attempted to create, assess and collect a special assessment to pay for said sewer, and the failure to do so being in no way due to the neglect or bad faith of the city, and the plaintiff having agreed to take all risks of the invalidity of said special assessment, he can not recover in this case.

Refused.

HENRY S. BAKER, JR., attorney for appellant.

Where the corporation orders local street improvements to be made, for which the abutters are the parties ultimately liable, and which by the charter must be made in a prescribed mode, if made without any contract, or a valid one, the doctrine of implied liability does not apply in favor of

the contractor, unless indeed the corporation has collected the amount from the adjoining owners and has it in its treasury. Dillon on Municipal Corporations (Ed. 1890), Sec. 459; Argenti v. City of San Francisco, 16 Cal. 255.

Where a contractor for the improvement of streets agreed that he would not look to the town in any event for compensation, and it was afterward decided that the contract was *ultra vires* and void and that lot owners were not liable for the work, it was held that the town was not liable to pay him by reason of its inherent powers to improve streets. Trustees of Belleview v. Hohn, 82 Ky. 1.

The liability of a city to a contractor for the value of street improvements, imposed by Rev. St. 1894, arises only when the city has issued and sold bonds to pay for such improvements or has collected assessments made for that purpose against the property benefited. Porter v. City of Tipton (Ind.), 40 N. E. 802.

Where the contract for a city improvement calls for payment from a special fund, and the city officials in good faith and with care attempt to create such a fund, the contractor can not compel payment from the general fund of the city, on its failure to create the special fund. Thomas & Co. v. City of Olympia, Wash., 12 Wash. 465.

The general funds of a city can not be resorted to for the payment of warrants issued for public improvements, unless the right to create the special fund against which such warrants were drawn, by assessment on the property benefited, has been lost by the negligence of the city. Stephens v. City of Spokane, 14 Wash. 298.

Where the street improvements were made under a contract and ordinance providing that the cost thereof should be paid by assessments collected from the owners of abutting property, which assessments might be deferred, and bonds issued by the city to pay for the improvements, the petition of the contractor, alleging that a specific sum is due him for making such improvement, and that the city is about to issue bonds therefor, shows no liability of the city for the sum claimed. Porter v. City of Tipton (Ind.), 40 N. E. Rep. 802.

The invalidity of the ordinance under which the improvement has been made would not deprive the city or village of the power to order a re-assessment to pay the expense of the work done under such ordinance. Freeport St. Ry. Co. v. The City of Freeport, 151 Ill. 451.

The passage of a valid ordinance must undoubtedly precede the levy of every special assessment or special tax, whether it be an original levy or re-assessment, but in the latter case such ordinance need not precede the doing of the work. City of Carlyle v. County of Clinton, 140 Ill. 512; Ricketts v. Village of Hyde Park, 85 Ill. 110, and cases there cited.

LEVI DAVIS, JR., attorney for appellee.

The ordinance set out in the declaration is void in all its parts, for the reason that it fails to describe any improvement. City of Alton v. Middleton's Heirs, 158 Ill. 442.

The provision of Section 49, Art. 9, Chap. 24, Rev. Stat., is not intended to preclude the courts from determining the legal effect of the contract between the contractor and the city, and where the city has no such assessment as it purports to have, the party is to be deemed as not agreeing to look to the assessment. The condition is void and the promise single. City of Chicago v. People, 56 Ill. 327; City of Chicago v. People, 48 Ill. 416; Maher v. City of Chicago, 38 Ill. 266.

MR. JUSTICE WORTHINGTON DELIVERED THE OPINION OF THE COURT.

The issues presented are questions of law. Section 49 of article 9 of the general act for the incorporation of cities and villages, Vol. 1 Starr & Curtis, p. 777, provides :

" All persons taking any contracts with a city or village, and who may agree to be paid from special assessments, shall have no claim or lien upon the city or village in any event, except from the collection of the special assessment made for the work contracted for."

The ordinance authorizing the contract for building the sewer, provided in substance that the contract should con-

tain a covenant that the contractor should have no lien upon the city, and, except as to the amount (if any) to be collected by general taxation, should look to the special assessment only for his pay.

The contract entered into by the city and appellee expressly provided that except for the city's share of the cost, namely, that to be raised by general taxation, the appellee agrees to make no claim against the city in any event, and agrees to take all risks for the invalidity of the special assessment.

Both parties were competent to make this agreement. They made it, and in the absence of any modifying stipulation, or of subsequent causes that destroyed its legal effect, it is binding upon them. City of Chicago v. People, etc., 48 Ill. 416.

Counsel for appellee does not contest this general proposition, but claims that the ordinance having been declared void, and the improvement being completed, that the city has no power to order a re-assessment, and is therefore liable to appellee, payment to be made from the general taxation, and the trial court, in holding and refusing the propositions of law submitted, in substance so decided.

In support of this proposition the following Illinois cases are cited by appellee.

In City of Chicago v. The People, 56 Ill. 327, the contractor was to be paid when the special assessments were collected. But the city had assessed $4,965 against the property of the North Chicago Railway Co., which assessment, by reason of a previous contract with said company, not of public record, it had no power to make. On this account the court say: "The condition is void and the promise single."

In Maher v. City of Chicago, 38 Ill. 266, the city undertook to make an improvement and pay for the same by special assessment, when it had no legal power to levy a special assessment for such purpose. In commenting upon this case in City of Chicago v. The People, 48 Ill. 416, the court say: "We gave judgment against the city, upon the

ground that a special assessment could not be levied, and we held the city could not be permitted to procure work to be done on the faith of a special assessment, and then avoid payment by setting up that it had no power to levy it."

In these cases the city was held liable for the reason that it had no power in the first place to levy the special assessment. In the case at bar, the city of Alton had power to order the improvement and to provide for its payment by special assessment. The citations are not, then, pertinent to the issue in this case.

Appellant, by its contract, agreed to make a re-assessment if for any reason the first assessment should be held invalid. If it refused or failed to do this, it would be liable for a breach of this covenant. But it is not claimed that appellant refused to do this. The stipulation shows that upon the petition of appellee, the council at once ordered an ordinance to be prepared for a re-assessment, but that before the next meeting of the council, at which time said ordinance would be reported, this suit was commenced. Appellee's claim, then, is based upon the proposition that, the Supreme Court having held the description of the improvement to be insufficient, and the improvement having been in the meantime completed, the entire ordinance is void, and the city council has no power to levy a special assessment to pay for the improvement. In other words, that because of an insufficient description the ordinance is totally void, and the power of the city exhausted to levy an assessment to pay for an improvement that it had ordered to be made and paid for by special assessment; and that, having no power to levy an assessment, it can be compelled to pay for the improvement by general taxation. This is not the law as we view it. In this instance the insufficiency of description was in failing to state in the ordinance the depth of the initial point of the sewer, and in referring to the plans and specifications which gave the depth as being on file in the office of the " city engineer," instead of the " city clerk."

It has been repeatedly decided that when an improvement has been completed, without an ordinance ordering it to be made, that a city council has then no power to levy a special

assessment for its payment. But we are aware of no case holding that, where an ordinance had been passed directing an improvement to be made and paid for by a special assessment, in case of an insufficient description of the improvement, thereby making the assessment invalid, a re-assessment could not be made, although the improvement had been completed between the times of passing the original ordinance and the ordinance for re-assessment.

An ordinance may be invalid in one respect and valid in all others. Wilcox on Corporations, 160–161; Dillon on Municipal Corp., Vol. 1, 421; Freeport St. Ry. Co. v. City of Freeport, 151 Ill. 459; Wilbur v. City of Springfield, 123 Ill. 395; West Chicago Park Com'rs v. Farber, 171 Ill. 146.

We think the proper discrimination between an ordinance entirely void, and one a part of which is invalid, is made in Levy v. City of Chicago, 113 Ill. 650, where, treating of an insufficient description, the court says : " It is plain if the ordinance   *   *   *   does not contain a description of the nature, character and locality of the improvement, the court will have no power to confirm the assessment." And again, in City of Kankakee v. Potter, 119 Ill. 324 : " An estimate or contract for a local improvement, the nature, character and locality of which are not contained in the ordinance authorizing such improvement, is without authority of law, and is therefore invalid." In other words, the assessment is invalid, but the ordinance directing the improvement to be made and paid for by special assessment is not thereby rendered totally void.

Conceding that a reference to the office of " city engineer," instead of to the " city clerk," made invalid the description of the proposed sewer, it does not follow that those parts of the ordinance directing the improvement and that it should be paid for by special assessment, are thereby also made invalid and void.

Section 46 of chapter 24, cities and villages, provides for such a contingency. It is as follows : " If any assessment shall be annulled by the city council, board of trustees, or set aside by any court, a new assessment may be made and returned, and like notice given and proceedings had as herein

required in relation to the first; and all parties in interest shall have the like rights, and the city council, or board of trustees and court, shall perform like duties and have like power in relation to subsequent assessments as are hereby given in relation to the first assessment."

In Freeport St. Ry. Co. v. City of Freeport, 151 Ill. 451, it is said: "The power of municipal authorities is not exhausted by the first assessment, if it is annulled or set aside, or for any reason proves inadequate for the payment of the improvement made, but such authorities have the right and may be compelled to make additional levies necessary to pay contractors for work done and material furnished under an ordinance authorizing the same. Every contractor for a public improvement is presumed to know that the municipality has attempted to exercise its power in the mode required by the statute, to authorize the improvement, but he is not chargeable with knowledge of defects in the ordinance, or the manner of its passage, which may invalidate it, power being given by section 49, *supra*, to correct such defects by re-assessment. The passage of a valid ordinance must undoubtedly precede the levy of every special assessment, whether it be an original levy or a re-assessment, but in the latter case such ordinance need not precede the doing of the work, and to that effect is Ricketts v. Village of Hyde Park, 85 Ill. 110."

All that City of East St. Louis v. Albrecht, 150 Ill. 506, decides is that an improvement can not be made and paid for by special assessment before an ordinance is passed ordering the improvement. That this decision is limited to this condition, is seen by the following extract:

"It need only be observed, this case is wholly unlike those in which it has been held that where the improvement has been ordered by ordinance, and the assessment has been annulled by the city council or board of trustees, or set aside by any court, a new assessment may be made as provided in section 46, article 9, of the city and village act. In these cases the existence of an ordinance when the work was done is the basis of the re-assessment. Even when the original ordinance proves defective and insufficient to sup-

City of Alton v. Foster.

port an assessment, yet, if not absolutely void, it may be amended, or the defect cured by a supplemental ordinance, and a re-assessment made."

To the same effect are: West Chicago Park Com'rs v. Sweet, 167 Ill. 333; Farr v. West Chicago Park Com'rs, 167 Ill. 355.

We think, then, that the trial court erred in holding that the city of Alton had no power to order a re-assessment for the improvement, and that, having that power, no recovery can be had for the balance due appellee, in a suit against the city, unless it refuses or neglects to levy such re-assessment.

For the reasons stated, the judgment is reversed.

The following statement of facts will be entered in the judgment:

Appellant passed an ordinance for the construction of a sewer to be paid for by special assessment, and contracted with appellee to build the sewer, he to be paid from the special assessment, and to take all risk of the invalidity of the assessment. Appellant agreed that in case the original assessment was for any reason declared to be invalid, that it would cause a re-assessment to be made. Appellee completed the sewer according to contract, and part of the special assessment was collected and received by him. A part of the assessment, viz., $1,245,65, was contested successfully, on the ground of an insufficient description of the sewer in the ordinance. Appellee then petitioned appellant to make a re-assessment, which it immediately took the initial steps to do, but before an ordinance could be passed, appellee brought this suit, upon the ground that appellant had exhausted its power, and could not make a re-assessment as it had agreed to do, and that it was therefore liable for the balance to be paid by general taxation, or out of the general fund. The trial court so held. The finding of the trial court upon this holding is error, this court holding that a re-assessment can be made. The case is not remanded, for the reason that, if the holding of this court is correct, this action can not be maintained except upon the refusal or neglect of appellant to levy a re-assessment—which is not claimed.