# The City of Alton v. Sophia M. Foster, Executrix.

1. Presumptions—*Where a Case is Tried Without a Jury and No Propositions of Law Are Submitted.*—Where a case is tried without a jury and no propositions of law are submitted to be held by the court, it will be presumed that all questions of law were correctly decided, and no question of law properly arises on appeal.

2. Contracts—*Of City to Make a New Assessment to Pay for Improvements if Original Assessment Should be Invalid.*—A city in contracting for the construction of a sewer, bound itself, in case the special assessment ordered to be collected for such improvement should be invalid, to make a new assessment to pay for such improvement. *Held,* that upon the city's refusal to make and levy such new assessment, it is liable.

Assumpsit.—Appeal from the Circuit Court of Madison County; the Hon. Martin W. Schaefer, Judge presiding. Heard in this court at the August term, 1902. Affirmed. Opinion filed March 2, 1903.

Alex. W. Hope and B. J. O'Neill, attorneys for appellant.

Levi Davis, attorney for appellee.

Mr. Justice Creighton delivered the opinion of the court.

This was an action of assumpsit, instituted by Alfred F. Foster against the city of Alton, to recover a balance claimed by him to be due from the city for the construction of a sewer. During the pendency of the action in the Circuit Court Alfred F. Foster died testate, and Sophia M. Foster, executrix, was substituted as plaintiff. Trial by the court without a jury, by agreement. Finding and judgment in favor of appellee for $1,245.

The declaration avers that on the 15th day of February, 1892, the city of Alton passed the following ordinance:

"Section 1. That the following local improvement be and the same is hereby ordered to be made in the manner hereinafter specified, to wit: That there be constructed in Second street, from a connection with the Piasa street sewer, in Piasa street, to a connection with the Ridge street sewer, in Ridge street, an underground pipe sewer, commencing at a connection with the Piasa street sewer, in

Piasa street, running thence east in the center line of Second street (or as near the center as practicable, taking into consideration where the water mains are now laid, so as not to interfere in any way with them), to a connection with the sewer in Alton street; thence east in the said center line of Second street, or as near the center as practical, to a connection with the Ridge street sewer. Said main sewer laid in the center of said Second street shall be of the best stone-glazed pipe (known as vitrified stone pipe), the size of which shall be eighteen (18) inches in diameter, all joints shall be uniform and shall be cemented and filled with the best Louisville cement mortar, and all connections with cross sewers now laid shall be carefully cemented. There shall be inlets to said sewer at the following places, to wit: (Here follows description of location of sixteen catch basins or inlets.)

Section 2. That said sewer and inlets shall be laid at a proper depth and grade to give proper fall and drainage, and in addition to the foregoing, all of said improvement shall be done under the supervision of the city engineer and the committee on sewers of the city of Alton, in accordance with the plans, maps, profiles and specifications to be furnished by the city engineer and now on file in his office.

Section 3. That said improvement shall be made and the cost and expense of said improvement described in section one (1) of this ordinance shall be raised and paid for by special assessment, which is hereby ordered to be levied, assessed and collected upon and from the property which may be benefited by said improvement on said street to the amount that said property may be benefited, and the remainder of such cost, if any, shall be paid for by general taxation.

Section 4. That the following named aldermen, viz., George Burton, C. A. Herb and Thomas Jun, are hereby appointed a committee and instructed to make an estimate of the cost of said improvement, including labor, materials and other expenses attending the same, and the cost of making and levying the assessment therefor.

Section 5. Upon the filing of the report of said George Burton, C. A. Herb and Thomas Jun, as hereinbefore required, and the approval thereof by the city council, the corporation counsel is hereby directed to file the proper petition in the County Court of Madison County for the proceedings to assess the cost of said improvement required to be raised by special assessment in the manner provided

by article nine (9) of an act of the General Assembly of the State of Illinois, entitled 'An act to provide for the incorporation of cities and villages,' in force July 1, 1872, and adopted by the city of Alton, September 11, A. D. 1877.

Section 6.   It will be the duty of the mayor, at such times as may be deemed expedient, to advertise in one or more newspapers of general circulation in said city, not exceeding thirty days, for proposals for furnishing materials, and constructing the sewer hereinbefore ordered, or any separate portion thereof, in accordance with the plans and specifications to be furnished by the city engineer and now on file in his office, and any and all contracts for the doing of said work shall be let to the lowest responsible bidder, who shall give bond to the city with good and sufficient security, to be approved by the city council, conditioned for the faithful performance of the contract so awarded.

Section 7.   Said contract shall contain, among other things, a covenant in substance to the effect that the contractor or contractors shall have no lien upon the city in any event, over and above the amount hereinbefore provided to be raised for said improvement by general taxation, if any, except from the collection of the special assessment ordered to be levied, assessed, and collected by the city council for said improvement."

That on the 26th day of April, 1892, Foster and the city entered into a contract as follows:

" This agreement made and entered into this 26th day of April, 1892, by and between A. F. Foster, of Alton Junction, county of Madison and State of Illinois, party of the first part, and the city of Alton, a municipal corporation, organized and existing under and by virtue of the general law of the State of Illinois, party of the second part, witnesseth, that the party of the first part, for and in consideration of the covenants and agreements hereinafter mentioned, to be performed by the said party of the second part, does hereby covenant and agree to and with the said party of the second part, to furnish all materials, to do and perform all the work mentioned and contained in the ordinance hereto attached and made a part of this contract, and according to the specifications hereto attached, for the construction of an eighteen-inch stone pipe sewer and all necessary inlets and connections, according to said ordinance and specifications.   Said sewer to be commenced at a connection of the Piasa street sewer and to be laid in Second street, running to connection with the Ridge street

sewer. All of said sewer and inlets and connections, including the excavation, to be done according to said ordinance, specifications. plans and profiles in the office of the city engineer, all of which are made part of this contract, and all of said sewerage, work, labor and materials, shall be done under the direct superintendence of the city engineer and committee on sewerage of the city. The said party of the second part hereby covenants and agrees, that when this contract is fully carried out by said party of the first part, and the said work completed and accepted by the mayor, city engineer and chairman of committee on sewers, by their certificates of acceptance in writing, to pay him, the said party of the first part, the sum of ninety cents per lineal foot for the eighteen-inch sewer, and sixty-five cents per lineal foot for the twelve-inch inlet sewers, and a reasonable price for such rock excavation as may be necessary, if any, in the construction of said sewer. It is agreed and understood that whatever amount may be assessed against the city as the city's part of said special assessment, shall be paid to the party of the first part, within ten days after the acceptance of said sewer, and the balance shall be paid as fast as the special assessments for the cost of said sewer shall be collected and paid into the city treasury. It is further agreed that no special assessment shall be deemed collected until the money is actually received and in the hands of the city treasurer, and in case of the sale of any lot or tract of land specially assessed, and the city shall become the purchaser, it shall not be considered a collection until the money shall be realized therefrom, either by redemption or otherwise; but in such cases the said party of the first part may, at his option, take a transfer of all the city's title and any lot so purchased, and credit the city with the full amount due on such lot. The said party of the first part further agrees to make no claim against the city in any event except for the city's share of the cost of the sewer, as above specified, and from the collection of the special assessments ordered to be collected for said improvements, and agrees to take all risks of invalidity of special assessments. The city shall in no event be liable by reason of the invalidity of said special assessments, or of the proceeding therein, or for a failure to collect the same, provided, however, that in case said assessments, for any cause whatever, be declared invalid and void, the city hereby agrees to make a new assessment to pay for said improvements, and all excess of said actual cost of said improvements shall be rebated to property

owners. This agreement is made subject to all general ordinances of the city of Alton in relation to contracts, and the said party of the first part hereby agrees to save harmless the city of Alton for all damages that may accrue to persons or property, by or through the fault, neglect, or carelessness of the said party of the first part, his agents or employes, during the progress of said work."

That under the direct supervision of the city engineer and committee on sewerage, Foster constructed, according to the ordinance and contract, a sewer along Second street, from a sewer in Piasa street to the junction of Third street and Second street. That, by the order and under the direction of the city engineer and committee, he connected said sewer with the sewer in Piasa street and with a sewer at the junction of Second and Third streets, which extended along Second street from that junction to Ridge street and to Spring street, and that the sewer so constructed was accepted by the city.

That the city filed its petition in the County Court against the property abutting on Second street, from the east line of Piasa street to the west line of Ridge street, asking that the cost of the sewer mentioned in said ordinance should be assessed in the manner prescribed by law, and such proceedings were thereupon had in said County Court; that commissioners were appointed by said County Court to make such assessment, and said commissioners having duly qualified, made and reported to said court such assessment; and afterward, at the August term, A. D. 1892, of said County Court, the owners of certain pieces of said property so assessed filed objections to the confirmation of said assessment, and said County Court rendered judgment at its October term, A. D. 1892, sustaining said objections, and thereupon said city of Alton appealed from said judgment to the Supreme Court of the State of Illinois, and afterward, to wit, on the 16th day of October, A. D. 1895, the Supreme Court affirmed said judgment of said County Court, and held the assessment null and void.

That, on the 29th day of March, 1896, Foster instituted

an action of assumpsit against the city to recover the balance of $1,245.65 due him for the construction of said sewer, basing his action on the allegation in his declaration that the ordinance was void and that no valid assessment could be made under it; to which declaration the city filed its plea, in which it averred that, since the assessment was held invalid, it had stood ready and willing to make and levy a new assessment for the balance, and to do all things necessary and proper to collect from the property owners along the line of said improvement such sum or sums as may be required.

That, upon the trial of said cause, the Circuit Court rendered judgment in favor of Foster for $1,245.65, the balance due him; that the city appealed to the Appellate Court, where this judgment was reversed; that Foster then appealed to the Supreme Court, where the judgment of the Appellate Court was affirmed, on the ground that, although the assessment was invalid, the ordinance was not void, and that the city might make a valid assessment, as in its plea it had declared its willingness and readiness to do.

The declaration further avers that, after the decision of the Supreme Court, holding that the city had the power to make a valid assessment to pay the balance due, that Foster repeatedly and urgently petitioned and requested the city to provide a new and valid assessment, but that it has failed and refused to do so. The city pleaded non-assumpsit and the statute of limitations.

No demurrer was interposed to the declaration, nor were any propositions to be held as law submitted by either party.

"Where a case is tried without a jury and no propositions of law are submitted to be held by the court, it will be presumed that all questions of law were correctly decided." Davies v. Phillips, 27 Ill. App. 387. "Where trial is by the court, no question of law properly arises on appeal unless propositions of law have been submitted to the trial court." Allison v. Leslie, 40 Ill. App. 441.

This record presents no questions for our consideration, except as to the evidence.

Counsel for appellant contend that the court erred in the admission of certain evidence. We do not deem it necessary to discuss this feature of the record, for the reason that in our judgment the unchallenged evidence sufficiently establishes appellee's right to recover. Appellant offered no evidence, and appellee is entitled to the benefit of all that the competent evidence tends to prove and all the reasonable inferences deducible therefrom.

In the record now before us it is conclusively established by the evidence that the city, appellant, had before the commencement of this suit, absolutely and persistently refused to make a new or re-assessment. On July 12, 1898, Mr. Foster presented to the city council a petition requesting that it cause a re-assessment to be made, but this request was not complied with. Later, he caused an ordinance providing such re-assessment to be prepared and placed in the hands of the ordinance committee, with the request that it be passed. But the city council took no action upon this request. Again, at the June meeting, 1899, of the city council, Mr. Foster presented another petition asking the council to take action in the matter and cause the re-assessment to be made, but no such action was taken and no re-assessment was ever made or attempted by the council to be made.

While the contract provides that the city shall not be liable by reason of the invalidity of the special assessment made for payment of the contract price of the work, it also expressly provides "that in case said assessments, for any cause whatever, be deemed invalid * * * the city hereby agrees to make a new assessment to pay for said improvement." This part of its agreement the city failed and refused to perform.

We have been referred to Farrell v. City of Chicago, 198 Ill. 558, and to Village of Park Ridge v. Robinson, 198 Ill. 571. The contracts in these cases did not contain any agreement on the part of the municipality to make a re-assessment, in case the existing one should prove invalid, as does the contract in the case at bar. There was

in those cases no breach of any express agreement, while
in the case at bar there is such breach. There was not in
either of those cases any demand upon or refusal by the
council to make a re-assessment, while in the case at bar
there is such demand and refusal. This feature is empha-
sized in both cases relied upon. In the Farrell case, the
court say :

" The evidence fails to show that the plaintiff or Farrell
ever requested the city council to make such new assess-
ment."

In the Village of Park Ridge case, the court say :

" The village authorities acted in good faith and without
any negligence  *  *  *  stood ready and willing at all
times, and so notified the plaintiff, to use any and all law-
ful means in its power, and to proceed in any proper way
the plaintiff might advise or suggest to collect from the
lot owners, and pay the same when collected, over to the
plaintiff."

While we think the cases now relied upon do not militate
against the view of the law expressed by this court in
the former case, still, whether so or not, the record before
us presents no question of law for our determination.
As herein above stated there was no demurrer to the
declaration, no plea but the general issue, the trial was
by the court, no propositions of law were presented and
no question of law was raised upon any motion, either
prior or subsequent to the finding of the court upon
which judgment was rendered. The only question is one
of fact, and we hold that the competent and unchallenged
evidence conclusively proves every material allegation of
plaintiff's declaration.

When the former case was before us, City of Alton v.
Foster, 74 Ill. App. 511, we held that the ordinance was
not void, that the city had the power to levy a new
assessment and that the contract expressly required it so
to do, and that if it failed or refused, upon demand, to do
this, it would be liable. We decided that case in favor of
the city solely because it had not, prior to the commence-
ment of that suit, failed and refused to make and levy

such new or re-assessment, which it then set up in its plea it stood able, ready and willing to do.

We find no substantial error in this record. The judgment of the Circuit Court is affirmed.